ROBERT BADKINS, plaintiff in error, *vs.* JOHN MEHAFFEY, defendant in error.

1. Where an unmarried woman was administratrix of an estate, and being sued as such, filed a plea of *plene administravit*, and pending the suit she married and her letters abated, and her husband took out letters *de bonis non* on the estate, and was made a party, and he also filed a plea of *plene administravit*, and a general judgment was had for the plaintiff:

*Held*, that no right of the wife was affected by the verdict.

2. Where a judgment creditor of an estate served a summons of garnishment against A, as the debtor of said estate, and A, in his answer, admitted that he had bought property at the estate sale, and gave his note to the administrator, but set up that the note had. before the service of the summons, been handed over by the administrator to a third person in payment of a judgment of the highest dignity against the estate, and that said note was still the property of said third person:

*Held*, that on the trial of an issue traversing this answer, it was not competent for the judgment creditor to introduce evidence to show that in the original suit between him and the administrator, it was one of the issues whether this particular note was not then in hand as assets for the payment of the plaintiff's debt, and that said issue had been found in his, the plaintiff's favor, it not appearing that either the garnishee or the person claiming the note, was a party to said issue.

Husband and wife.    Administrators and executors.    Judgment.    *Res adjudicata.*    Garnishment.    Partition.    Before Judge JAMES JOHNSON.    Muscogee Superior Court.    May Term, 1873.

Robert Badkins brought assumpsit against Emory S. Dennis, administrator, and Mary T. Wynn, administratrix, of David A. Wynn, deceased, upon his acceptance of $186 65. The defendant pleaded the general issue and *plene administra-*

Badkins *vs.* Mehaffey.

*vit prœter*. Pending the suit Dennis died, and Mary Wynn married one Solomon Bray. Letters of administration *de bonis non* issued to him, and he was made a party defendant to said suit. He pleaded *plene' administravit prœter*. The jury returned a verdict for the plaintiff, and a general judgment was thereupon rendered against the defendant. Process of garnishment issued upon said judgment, which was served upon John Mehaffey. He answered that he had purchased property of said estate and was indebted by note, a balance of $300 thereon. That this note, prior to the service of said summons of garnishment, had been set aside to the widow of the deceased as a portion of her twelve months' support.

This answer was traversed. Upon the trial of the issue thus formed the plaintiff tendered evidence to show that in the original suit between him and the representatives of the estate, it was one of the issues whether this particular note was not then in hand as assets for the payment of his debt, and that said issue had been found in his favor. This testimony was excluded by the court, and plaintiff excepted.

The court charged the jury as follows: " It was alleged by the plaintiff that the garnishee was indebted to said estate at the time of the service of the summons of garnishment. The garnishee denied it, and thereupon issue was made by the parties, which issue they were to determine from the testimony. What had transpired on the trial of the case between the plaintiff and the administrator, was not in evidence in this case. The parties were different, and this cause is to be determined by the testimony admitted in it at this trial. If the testimony showed that Mrs. Bray had an allowance made to her out of the estate of her deceased husband for a year's support, she would be entitled to retain in her hands so much of the estate as would be sufficient to pay said allowance; and further, that although the note made by Mehaffey may have been given for property purchased belonging to the estate, Mrs. Bray would have the right to appropriate so much of it as would be sufficient to pay the allowance made to her; and further, if from the testimony they should believe such allow-

ance had been made, and that Mrs. Bray had appropriated only so much of the note as was sufficient to pay it, the garnishee was not indebted to said estate; and if such was not the case, then he was indebted."

To which charge plaintiff excepted.

The jury found for the garnishee.

Error is assigned upon each of the aforesaid grounds of objection.

L. T. Downing, for plaintiff in error.

Ingram & Crawford, for defendant.

McCay, Judge.

1. We are unable to see how any right of Mrs. Bray can be affected by the judgment against her husband. Under our law, at the date of the judgment and of her marriage, she was, as to any property she had or might acquire, a *feme sole*, and a judgment against her husband was no more a judgment against her than would a judgment against any other person be. That she was one of the administrators at the bringing of the suit, and filed a plea as such, can, under the course the case took, make no difference. Dennis died and Mrs. Wynn married. The death of Dennis abated the suit as to him, and her marriage abated her letters. How far, if she had invested the assets, the plaintiff might have objected to the abatement of the suit as to her, we do not say. But her husband, Bray, took out letters, was made a party and filed a plea, and it was the issue on Bray's plea that was tried, and it is upon that and that alone the plaintiff stands. She was no party to that issue, and is not bound by it. It simply found that the plaintiff was a proper creditor of the estate, and that *Bray* had assets to pay it—that was all. It determined nothing as to any *devastavit* or as to any assets in the hands of previous administrators. Indeed, the waste of the estate by the former administrators would have protected Bray. Nor was he liable to account for his wife's *devastavit* unless he got property by her to do so, and under the law at the date of the marriage

Williams *vs.* Young.

he got no property by her, so that it is clear to us that no right of Mrs. Bray was affected by the judgment.

2. The issue on trial in this case was whether Mehaffey owed the estate represented by Bray. That depended on the fact whether Mrs. Bray was, at the date of the summons, the owner of Mehaffey's note in her own right. Whether this was so or not, could not be proven by showing that it was proven on the trial between the plaintiff and Bray, that this very note went into Bray's hands as assets, or that the jury in that case so found. Neither Mehaffey or Mrs. Bray were parties or privies to that issue, and it is wholly immaterial to their rights what was proven or what was found on that trial. It binds Bray, and him alone. It often happens that an administrator, in a suit against him as to his *devastavit*, is called upon to show whether certain property belongs to the estate, whether the estate does or does not owe debts other than the plaintiff's, and the dignity of such debts as compared with the debt of the plaintiff. An administrator who undertakes to do this by plea at law takes the risk if the plea is found against him, of having to try the same issue, perhaps, with other parties. To avoid this, he may file a bill to marshal the assets. But if he fails to do this, he takes the risk, as other parties are not bound by a judgment to which they are not parties. We think the court was right, and that his judgment should be affirmed.

Judgment affirmed.